## W. R. WATSON *vs.* T. AKANALIILII *et al.*

### IN EQUITY. BEFORE MCCULLY, J.

### JUNE, 1885.

In an action for foreclosure of mortgage, against several defendants, one of them cannot plead as a set-off his claim for damages against plaintiff for breach of contract.

The mortgagee of a sugar plantation, who had made entry and carried on the plantation, held entitled to allowance for advances, commissions and interest.

### DECISION OF MCCULLY, J.

Bill for foreclosure of two mortgages held by the plaintiff by assignment.

The only points requiring particular consideration as being matters contested or claimed by the defendants are, first: The claim of one of the defendants, Akanaliilii, for damages for not carrying out an alleged contract of sale of these premises to him, June 10th, 1884, for the sum of $80,000.

Section 1148 of the Civil Code: "If there are several plaintiffs, the demand set-off shall be due from them all jointly" (except dormant partners, by Section 1149) : is cited against this claim. This enactment embodies a familiar principle of adjudication. If it were possible to entertain this claim and an amount of set-off were allowed, it would be equivalent to a judgment in favor of all the defendants for such amount, whereas the claim belongs to but one of them. Wong Sung, Assee and Achong would recover damages for the non-performance of the plaintiff's contract with Akanaliilii.

The case before us is distinguishable from those cases where the action is against a mortgagor and his surety on a bond secured by the mortgage, the bond in such a case being merely a security for the separate debt of the mortgagor, and a debt due the mortgagor from the plaintiff may be allowed in set-off. Jones on Mortgages, Section 1496.

Again, the statute concerning set-off limits it to a "plea of offset of the like kind and denomination, existing in the same right between him and the plaintiff:" Section 1146. The defendant Akanaliilii pleads damages for breach of contract, an unliquidated demand, against the amount of principal and interest on notes secured by mortgage.

Either of the above reasons seem to me sufficient to exclude consideration of the claim of offset, without discussing the further question of the jurisdiction of this Court in the matter.

The next point to be considered is the liability of the plaintiff to account as mortgagee in possession. The defendants claim that all moneys received from the sale of sugars are to be credited on their mortgage notes without deducting advances made by the factors or agents of the plantation; and that neither the plaintiff nor his agents can have commissions on advances, nor make any profit directly or indirectly which is

not to be credited to these defendants; that the mortgagor be not allowed to make a profit out of his possession, and that if more ought properly and reasonably to have been realized, the plaintiff is chargeable with the same.

Chapter 48 of the statutes of 1874, Compiled Laws p. 569, provides in Section 2, that the mortgagee in possession is authorized to make such expenditure as is necessary to carry on the estate or to keep the same in good condition, giving credit for the income, and the same shall be placed in the account for or against the estate as the case may be, if the mortgagor makes a tender for redemption.

It is claimed for the defendants that as the plaintiff did not enter according to the prescribed forms of the statute, he is not entitled to the benefit of the further statute provisions. But Sec. 2, as I have quoted, embodies so fairly the general rule as laid down by the authorities and writers—see Jones on Mortgages and Powell on Mortgages—that I deem it to be a proper rule for the Court in all cases of entry by the mortgagee. It seems to me to be reasonable in the case of entry upon a sugar plantation, to allow as part of the expenditure the advances made by the plantation agents, and it follows to allow also the usual commissions and interest on advances and on sales. The mortgages must have paid these. A principle governing these cases is that it is considered that it is by the default of the mortgagor that the mortgagee enters. He is not to be held to do better for the estate than the mortgagor. He is held to the exercise of the care and diligence of a provident owner, and is accountable only for rents and profits received, unless there has been wilful default or gross negligence on his part. Jones on Mortgages, 1123.

No suggestion has been made of expenditures other than for current expenses.

I do not know of any other point upon which I can make a rule for the guidance of a master examining the accounts, if it is desired that one be appointed. Such master would take proofs as to any alleged wasteful management.

When the account is settled, a decree will be signed in the usual form, for the foreclosure and sale of the premises, allowing the mortgagee to bid, and giving judgment to the plaintiff for any deficiency of the amount of sale to realize the sum found due.

*F. M. Hatch,* for plaintiff.

*A. S. Hartwell,* for defendants.

Honolulu, June 20th, 1885.